IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN CAVANAUGH, | ) | 4:14CV3183 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RANDY BARTELT, FRANK HOPKINS, DIANE SABATKA-RHINE, MR. DORTON, (first name unavailable), and TIM KRAMER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    Liberally construed, Plaintiff Steven Cavanaugh asserts claims in this matter under the Free Exercise Clause, the Establishment Clause, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act. (Filing No. 1.) At this time, the Court makes no determination with respect to the merits of Plaintiff's claims or whether they state a claim upon which relief may be granted. In order to ensure a just and fair resolution of this matter, Plaintiff will be allowed to serve Defendants with process.

    IT IS ORDERED that:

    1.    To obtain service of process on Defendants in their official capacities,[1] Plaintiff must complete and return the summons forms that the Clerk of the Court will provide. The Clerk of the Court shall send five summons forms and five USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall,

---

[1] Plaintiff did not specify the capacity in which he is suing the five prison officials named as Defendants. Therefore, the Court assumes he has sued them in their official capacities only. See *Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court. In the absence of the forms, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with a copy of the Complaint to the United States Marshal for service of process. The Marshal shall serve the summons and the Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the Complaint, and Plaintiff does not need to do so.

3. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the Court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

5. The Clerk of the Court is directed to set a case management deadline in this case with the following text: "April 30, 2015: Check for completion of service of summons."

DATED this 29th day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.